*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0076p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re:  CURTIS JONES,

                *Movant.*

                       No. 09-1858

Filed:  March 18, 2010

Before:  KEITH, CLAY, and KETHLEDGE, Circuit Judges.

_____

## ORDER

_____

Curtis Jones is a Michigan prisoner serving a life sentence for second-degree murder. He has moved the court for authorization to file a second or successive habeas petition raising two claims: (1) that changes to Michigan's parole system since his conviction constitute an unconstitutional *ex post facto* law, and (2) that the jury at his trial was not drawn from a fair cross-section of the community. Because we conclude that the *ex post facto* claim may proceed without our authorization, we dismiss the motion as unnecessary with respect to that claim. We deny the motion as it pertains to the jury-selection claim.

I.

In 1991, a Michigan jury convicted Jones of second-degree murder and being a felon in possession of a firearm. He was sentenced to a term of life imprisonment. In 1997, after pursuing an unsuccessful appeal in state court, Jones filed a petition for a writ of habeas corpus in federal court. In his petition, Jones raised a double-jeopardy claim, as well as claims related to the admission of evidence, jury selection, and sentencing. The petition was dismissed, and Jones did not appeal.

1

Twice since the dismissal of his initial habeas petition, Jones has unsuccessfully moved this court under 28 U.S.C. § 2244 for authorization to file a second petition. In his first such motion, Jones sought to raise a host of new claims: that the prosecutor failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); that the prosecutor had committed fraud on the court; that police officers had forged documents that were introduced into evidence; that trial counsel was ineffective; that the trial court had violated his due-process rights in various ways; and that he was actually innocent. In his second motion, Jones sought to raise claims that the trial court had improperly limited his use of peremptory challenges and had erred by allowing into evidence a previous burglary conviction.

Now before the court is Jones's third motion for authorization to file another habeas petition, in which he intends to raise two claims. He first contends that the cumulative effect of changes made to Michigan's parole-review procedures in 1992 and 1999 has "produce[d] a sufficient risk of increasing the measure of punishment attached" to his conviction to constitute a violation of the Constitution's *Ex Post Facto* Clause. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995). Second, Jones contends that the jury pool at his trial systematically excluded African-Americans, in violation of the Sixth Amendment's fair cross-section requirement.

The state of Michigan has elected not to respond to Jones's motion.

II.

28 U.S.C. § 2244 "establishe[s] a gatekeeping mechanism for the consideration of second or successive habeas corpus applications" brought in federal court by state prisoners. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) (internal quotation marks and citation omitted). That provision was modified by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide that "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed" unless (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" *and* "the facts underlying the claim . . . would be sufficient to

establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C.§ 2244(b)(2). Before bringing a second or successive petition in the district court, a prisoner must move the appropriate court of appeals for authorization to file and must make a "prima facie" showing that his petition satisfies the requirements of either exception. *See id.* § 2244(b)(3); *see also id.* § 2255(h) (imposing similar limitations on second or successive motions brought by federal prisoners to vacate their sentences under 28 U.S.C. § 2255).

But not every numerically second habeas petition is subject to these gatekeeping procedures. Instead, in a series of post-AEDPA cases, the Supreme Court has confirmed that a numerically second petition is not properly termed "second or successive" to the extent it asserts claims whose predicates arose after the filing of the original petition. The statutory phrase "second or successive petition," the Court has emphasized, is a "term of art given substance" in the Court's prior habeas cases. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). So in *Stewart v. Martinez-Villareal*, 523 U.S. 637, the Court held that a capital prisoner's claim that he was incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986), was not barred even though a prior petition raising the same claim had been dismissed because the claim was unripe. *See* 523 U.S. at 644-45. And in *Panetti v. Quarterman*, 551 U.S. 930 (2007), the Court removed any implication that *Martinez-Villareal* applied only to a claim raised in a prisoner's initial petition. There, the prisoner's numerically second petition asserted a *Ford* claim that had been omitted from his initial petition. The Court held that the claim was not successive, rejecting "[a]n empty formality requiring prisoners to file unripe *Ford* claims" in an initial habeas petition in order to be able to pursue them in a subsequent petition. *Id.* at 946. In doing so, the Court relied on pragmatic concerns, observing that "[i]nstructing prisoners to file premature claims, particularly when many of these claims will not be colorable even at a later date, does not conserve judicial resources" or vindicate any other policy of federal habeas law. *Id.*

The same principles govern Jones's *ex post facto* claim, which challenges the cumulative effect of amendments to Michigan's parole system, the last of which took effect in 1999—two years after Jones's initial habeas petition was filed. Like the *Ford* claims at issue in *Panetti* and *Martinez-Villareal*, Jones's *ex post facto* claim was unripe when his initial petition was filed—the events giving rise to the claim had not yet occurred. And, as

in *Panetti*, no useful purpose would be served by requiring prisoners to file *ex post facto* claims in their initial petition as a matter of course, in order to leave open the chance of reviving their challenges in the event that subsequent changes to the state's parole system create an *ex post facto* violation. As a result, we conclude that Jones's *ex post facto* claim is not properly classified as "second or successive," and thus does not require our authorization to go forward in the district court. In so holding, we join several other circuits that have reached the closely related conclusion that § 2244(b)'s limitations on second or successive petitions do not apply to a numerically second petition challenging a parole determination or disciplinary proceeding that occurred after the prisoner's initial petition was filed. *See In re Cain*, 137 F.3d 234, 236-37 (5th Cir. 1998) (challenge to disciplinary revocation of good-time credits); *Crouch v. Norris*, 251 F.3d 720, 723-24 (8th Cir. 2001) (challenge to parole determination); *Hill v. Alaska*, 297 F.3d 895, 897-99 (9th Cir. 2002) (challenge to parole determination); *see also Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (noting that a challenge to a parole determination would not constitute a "second or successive" petition under § 2244 if "the claim had not arisen or could not have been raised at the time of the prior petition," but holding prisoner's claim barred because the parole board had rendered an identical determination before his initial petition was filed).

Jones's jury-selection claim is more straightforward, as it challenges events that occurred at his trial. It thus falls squarely within the scope of § 2244(b)'s gatekeeping requirements, meaning that Jones must show that the claim satisfies one of the two exceptions to the bar on second or successive petitions.

He has not done so. The claim does not rely on any new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A). And although Jones broadly asserts that court officials concealed practices that systematically excluded African-Americans from the jury pool at his trial, he has not explained with any detail why the facts underlying the claim could not have been discovered earlier through due diligence. *See id* § 2244(b)(2)(B)(i). Furthermore, the facts underlying Jones's claim of racial discrimination in jury selection would not be "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty." *See id* § 2244(b)(2)(B)(ii).

In closing, we emphasize that our decision here is confined to the narrow question whether Jones's contemplated habeas petition is barred by the limitations on second or successive petitions imposed by § 2244(b). Although we conclude that Jones's *ex post facto* claim may proceed without our authorization, formidable obstacles may await him in the district court. For one thing, there is the question whether habeas is the proper avenue for a claim that seeks a modification of parole procedures that would not necessarily result in the petitioner's speedier release. *See Wilkinson v. Dotson*, 544 U.S. 74, 86-87 (2005) (Scalia, J., concurring). Perhaps of more immediate concern, Jones's claim may well be untimely under AEDPA's one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), given the dates on which the challenged parole procedures took effect. But that is a question beyond the scope of our inquiry even when a claim is subject to § 2244(b)'s gatekeeping procedures. *See In re McDonald*, 514 F.3d 539, 546-47 (6th Cir. 2008) (when determining whether a prisoner has made a "prima facie showing" that the requirements for one of the exceptions to the bar on second or successive petitions have been satisfied, this court does not "investigat[e] compliance with the one-year statute of limitations outlined in 28 U.S.C. § 2244(d)"). Because the gatekeeping rules do not apply to Jones's *ex post facto* claim, we have even less warrant to reach the timeliness question here, and we therefore do not address it.

The motion for authorization to file is dismissed as unnecessary as it relates to the *ex post facto* claim. The motion is denied as it relates to the jury-selection claim.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk