HARTZ, Circuit Judge,
concurring:
I am pleased to join Judge Murphy’s fine opinion except for § IV(B)(2)(a)(ii), which states that Ochoa’s procedural-irregularity claims are properly brought in a seeond-or-successive habeas petition because they are Atkins claims. In my view, they are proper habeas claims because they are timely and are not second or successive.
In our first opinion addressing Ochoa’s death sentence, we held that his Atkins claim was a second-or-successive application but could proceed because it satisfied the stringent conditions for such applications set forth in 28 U.S.C. § 2244(b)(2). Although that holding was clearly correct, some language in the opinion is no longer *1147 good law. In particular, we said that “a request to add new claims after the district court has adjudicated a habeas action must be preceded by a motion to vacate under Rule 60(b) and that ... § 2244(b) applies to the Rule 60(b) motion as if it were a stand-alone second or successive petition.” Ochoa v. Sirmons, 485 F.3d 538, 540 (10th Cir.2007). But an opinion by the United States Supreme Court two months later, Panetti v. Quarterman, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), explained that some subsequent habeas claims are not “second or successive” within the meaning of § 2244.
In Panetti the prisoner had already pursued one round of claims under § 2254 through denial of certiorari by the Supreme Court. After his execution date was set, however, he pursued a second application under § 2254 contending that, under Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), he was incompetent to be executed because of mental illness. The Court, recognizing that it “has declined to interpret ‘second or successive’ as referring to all § 2254 applications filed second or successive in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application,” id. at 944, 127 S.Ct. 2842, held that the second-or-successive constraint on applications “does not apply to a Ford claim brought in an application filed when the claim is first ripe,” id. at 947, 127 S.Ct. 2842. As Panetti was recently described by its author, “[I]f the petitioner had no fair opportunity to raise the claim in the prior application, a subsequent application raising that claim is not ‘second or successive,’ and § 2244(b)(2)’s bar does not apply[, such as] where the claim was not yet ripe at the time of the first petition.” Magwood v. Patterson, — U.S. -, 130 S.Ct. 2788, 2805, 177 L.Ed.2d 592 (2010) (Kennedy, J., dissenting). This view of Panetti has the endorsement of not only the three other justices who joined Justice Kennedy’s dissent but also three justices who joined the majority opinion in Magwood. See 130 S.Ct. at 2803 (Breyer, J., concurring). A later example provided by Justice Kennedy in his dissent is close in point to our case. He wrote: “[I]f the petitioner raises a claim in his second habeas petition that could not have been raised in the earlier petition — perhaps because the error occurred for the first time during resentencing — then the application raising the claim is not ‘second or successive’ and § 2244(b)(2)’s bar does not apply.” Id. at 2806.
As I understand Supreme Court doctrine, Ochoa’s procedural-irregularity challenge to the conduct of his Atkins trial is not a second-or-successive claim because there is no way it could have been raised in his original § 2254 application. That trial did not take place until his original application was on appeal to this court. And the procedural-irregularity claim is not time-barred because the one-year limitations period did not begin to run until his Atkins trial, see 28 U.S.C. § 2244(d)(1)(D) (limitations period cannot begin before “the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence”), and the period was tolled during the state proceedings. This analysis is supported by the few circuit opinions that have applied Panetti. See, e.g., Stewart v. United States, 646 F.3d 856 (11th Cir.2011) (challenge to federal sentence raised after state convictions set aside); Leal Garcia v. Quarterman, 573 F.3d 214, 220-24 (5th Cir.2009) (habeas claim based on recent presidential declaration). It is important to recognize that Panetti does not suggest that Ochoa’s Atkins claim is not second or successive; although the claim is based on a Supreme Court decision that postdated his original application, the, issue could have been raised from the outset. See *1148 Leal Garcia, 573 F.3d at 221-22 (Panetti does not apply just because the claim relies on a new decision). (I should also note that Panetti suggests that claims by state prisoners challenging the execution of their sentences should be pursued under § 2254, rather than under 28 U.S.C. § 2241, as has been the rule in this circuit. See Magwood, 130 S.Ct. at 2805 (Kennedy, J., dissenting) (indicating that a state prisoner’s challenge to failure to grant parole is an original application under § 2254); In re Jones, 652 F.3d 603 (6th Cir.2010) (similar).)
Consequently, Ochoa’s procedural-irregularity claims are properly before this court. It is unnecessary for us to engage in analyzing whether those claims are, in the words of the majority opinion, “based on Atkins,” a concept that eludes my grasp.