KAREN NELSON MOORE, Circuit Judge,
dissenting.
The district court transferred Raymond Tibbetts’s habeas case[3] to this court to determine whether Tibbetts met the requirements to file a second or successive habeas petition. See 28 U.S.C. § 2244(b). Tibbetts filed a Motion to Remand arguing that although his habeas petition is second in time, it is not a second or successive petition within the meaning of § 2244(b).[4] In concluding that Tibbetts’s petition is second or successive, the majority takes two missteps. First, the majority’s order characterizes Tibbetts’s claim as “a general claim that his sentence to-death by lethal injection is unconstitutional” or “a challenge to a particular procedure,” Order at 4, but Tibbetts explicitly states that his "claims are not per se challenges to lethal injection” or -an “attack [of] Ohio’s current execution protocol,” Reply to the Warden’s Mem. in Opp’n at 3, 5. Tibbetts’s argument is that-his instant petition is not second or successive precisely because .he is not bringing a general, per se challenge to lethal injection or a challenge specific to Ohio’s current execution protocol. Second, when it does consider-the possibility “that Tibbetts raises a claim that his-sentence to death by lethal injection as imposed on him personally is unconstitutional,” Order at 5, the majority’s analysis of this claim errs. ...
In support of his argument that his ha-beas petition is not second or successive, Tibbetts argues that there are three ways a condemned inmate can challenge Ohio’s execution practice. First, a condemned inmate can bring a habeas case arguing that lethal injection, the only manner of execution permitted by Ohio law, is per se unconstitutional. The Sixth Circuit has authorized habeas -claims raising per se chal *409 lenges to lethal- injection, see Adams v. Bradshaw, 826 F.3d 306, 321 (6th Cir. 2016), but the Sixth Circuit and the Supreme Court have also held that lethal injection, is not per se unconstitutional, see Glossip v. Gross, _ U.S. _, 135 S.Ct. 2726, 2739, 192 L.Ed.2d 761 (2015); Scott v. Houk, 760 F.3d 497, 512 (6th Cir. 2014) (citing Baze v. Rees, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008)). Tibbetts brought, and lost, a per se challenge to lethal injection in his first habeas petition. See Reply to the Warden’s Mem. in Opp’n at 4 (citing R, 61 (Mem. Op. & Transfer Order at 12) (Page ID #1025)).
Second, a condemned inmate can bring a § 1983 case arguing that a specific execution protocol is unconstitutional. The Supreme Court has authorized § 1983 challenges to specific execution protocols. See Hill v. McDonough, 547 U.S. 573, 579-80, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006); Nelson v. Campbell, 541 U.S. 637, 644, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004). Tibbetts has already brought, and lost, a challenge to Ohio’s current execution protocol. See In re: Ohio Execution Protocol Litig., 860 F.3d 881, 892-93 (6th Cir. 2017) (en banc).
Third, according to Tibbetts’s motion to remand his habeas petition, a condemned inmate can bring a habeas case arguing that it would be unconstitutional for Ohio to use lethal injection to execute him because of Ohio’s inability to constitutionally implement lethal injection protocols and his individual characteristics. This intermediate challenge is neither a per se challenge to lethal injection nor a specific challenge to a particular execution protocol, but a challenge based on Ohio’s historic execution practices and the inmate’s physical and mental attributes. Tibbetts’s instant habeas petition raises this third, intermediate challenge by arguing that “his death sentence is invalid because the State of Ohio, by operation of its own state law, can only use lethal injection to carry out Tibbetts’[s] sentence, but Ohio cannot constitutionally carry out a lethal -injéction execution on Tibbetts due to his unique, individual'.characteristics and Ohio’s inability to adopt or implement any constitutionally sufficient execution protocol.” Reply in Support of Mot. to Remand at 6. The district court posited that this court has authorized such intermediate challenges in habeas cases. R. 64 (Decision & Order at 5) (Page ID #1053) (citing Adams v. Bradshaw, 826 F.3d 306, 321 (6th Cir. 2016)) (“The Sixth Circuit’s ultimate conclusion that a habeas petition posing a general enough challenge to lethal injection (i.e., it will always be unconstitutional for Ohio to execute this particular petitioner by lethal injection) but not too general (i.e. lethal injection is unconstitutional in all circumstances) is cognizable”).
I agree with Tibbetts and the district court that this court has authorized condemned inmates to bring intermediate (“general enough ... but not too general”) challenges to lethal injection, but I disagree that habeas is always the proper procedural vehicle for these challenges. Whether § 1983 or habeas is the appropriate procedural vehicle depends on the factual predicate of the constitutional challenge. Challenges to Ohio’s implementation of lethal injection can be brought under § 1983, whereas challenges to death sentences related to an individual’s mental or physical characteristics can be brought as habeas .cases.
This- court previously has held that § 1983 is-the proper procedural vehicle for challenges to lethal injection.that depend on evidence about a particular.lethal injection protocol or Ohio’s inability to administer lethal injection in a constitutional manner. See Frazier v. Jenkins, 770 F.3d 485, 505 (6th Cir. 2014) (“Frazier admits that *410 the United States Supreme Court ... held that execution by lethal injection is not per se unconstitutional, but he contends that ‘the implementation of the method of execution could implicate the Eighth Amendment prohibition against cruel and unusual punishment.’ ... Frazier is a party to an ongoing action, filed under 42 U.S.C. § 1983, challenging Ohio’s lethal-injection regime. We think that litigation is the proper avenue for Frazier to bring this constitutional challenge.”) (internal citations omitted); Scott, 760 F.3d at 512 (“As the law currently stands, there is no merit to Scott’s assertion that his sentence is void because lethal injection is unconstitutional. Simply put, lethal injection does not violate the Constitution per se, and .Scott acknowledges as much in his brief. Therefore, in order to obtain relief from his sentence, Scott would first have to gather facts showing that Ohio is unable to administer lethal injection in a constitutionally permissible manner. And this is precisely the type of discovery that Scott can pursue in his § 1983 litigation.”) (citing inter alia Baze, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420). Scott, in particular, undermines Tibbetts’s argument that habeas is the proper procedural vehicle insofar as his case depends on evidence about Ohio’s previous implementation of lethal injection protocols. See Scott, 760 F.3d at 512.
On the other hand, habeas is the proper procedural vehicle for challenges to lethal injection that depend on particular physical or mental characteristics of the person to be executed, such as their competency. See Panetti v. Quarterman, 551 U.S. 930, 943, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007); Stewart v. Martinez-Villareal, 523 U.S. 637, 643, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Of particular relevance to Tib-betts’s case, the Supreme Court also established that a second in time petition raising such a claim is not second or successive within the meaning of § 2244(b) because a challenge to a death sentence based on an individual’s physical and mental characteristics at the time of execution is not ripe until the execution is imminent. See Panetti, 551 U.S. at 945, 127 S.Ct. 2842; Martinez-Villareal, 523 U.S. at 644-45, 118 S.Ct. 1618; see also generally In re: Jones, 652 F.3d 603, 605 (6th Cir. 2010) (explaining that a numerically second habeas petition is not second'or successive within the meaning of § 2244(b) “to the extent it asserts claims whose predicates arose after the filing of the original petition”).
In Tibbetts’s first ground for relief, he argues that his “individual physical and/or mental characteristics and conditions indicate that employing any Ohio lethal-injection protocol to execute him will subject him to substantial risk of serious harm.” R. 57-1 (Proposed Amended Habeas Pet. at 55) (Page ID #907). According to his Proposed Amended Petition, Tibbetts’s “individual physical and/or mental characteristics” include severe alcohol and drug abuse; history of hospitalizations requiring IV treatment; liver damage; history of head trauma; psychiatric disorders; and “additional” characteristics that Tibbetts “may develop before his execution date or may currently have.!’ Id. at 56-57 (Page ID #908-09). Like a claim that a petitioner is not competent to be executed, a claim that a petitioner will be exposed to a substantial risk of serious harm because of the state of his veins (or head or liver) is ripe when an execution is imminent.
The majority’s conclusion that these claims are not newly ripe when an exécution is imminent ignores the reasoning of Panetti and Martinez-Villareal. Martinez-Villareal reasoned that if an “execution was not imminent” a petitioner’s “competency to be executed could not be determined at that time.” 523 U.S. at 644-45, 118 S.Ct. 1618. Panetti reasoned that incompetency claims could not be adjudi *411 cated before an execution was imminent because “[a]ll prisoners are at risk of dete-riorations in their mental state” and the relevant question is the prisoner’s mental state at the time of execution. 551 U.S. at 943, 127 S.Ct. 2842. The reasoning in Pan-etti and Martinez-Villareal applies equally to Tibbetts’s claims about his physical and psychological condition. The relevant factual predicates for Tibbetts’s claim are his physical and mental characteristics at the time of execution, not his physical and mental characteristics at some time months or years before the scheduled execution. As Panetti and Martinez-Villareal recognize, an individual’s physical and mental characteristics can change (and may be particularly likely to change during incarceration). See Panetti, 551 U.S. at 943, 127 S.Ct. 2842. The proper time for a petitioner to raise claims objecting to execution or an execution method based on his mental or physical characteristics is when the execution is imminent.
The district court must determine in the first instance whether Tibbetts has made a colorable claim that any of his individual characteristics would expose Tibbetts to a substantial risk of serious harm. As a consequence, the majority’s conclusion that Tibbetts’s “bald allegations ... do not suffice” is irrelevant to the question we have been asked to decide. Order at 6. True enough that Panetti said that “last-minute filings that are frivolous and designed to delay executions can be dismissed in the regular course.” 551 U.S. at 946, 127 S.Ct. 2842. But “dismissal in the regular course” is the province of the district court, not this court. This court has not been asked whether Tibbetts’s claims are meritorious. This court has been asked only to assess whether all of Tibbetts’s claims are second or successive, and consequently procedurally barred. I would hold that they are not.
To the extent that Tibbetts alleges that “Ohio cannot constitutionally carry out a lethal injection execution” due to “Ohio’s inability to adopt or implement any constitutionally sufficient execution protocol,” Reply in Support of Mot. to Remand at 6, Tibbetts must make this allegation in a § 1983 case. On the other hand, to the extent that Tibbetts alleges that Ohio cannot constitutionally carry out lethal injection “on Tibbetts due to his unique, individual characteristics,” id., Tibbetts may make this allegation in a habeas petition. And like a Ford claim, the claim that Ohio cannot constitutionally execute Tibbetts by lethal injection because of Tibbetts’s physical and mental characteristics is not ripe until his execution is imminent. In my view,-Tibbetts’s second in time habeas petition alleging that Ohio cannot. execute him by lethal injection because of his unique characteristics is not a second or successive petition -within the meaning of § 2244(b). Accordingly, remand to the district eourt for further proceedings consistent with this opinion is appropriate.
The majority does not fully respond to Tibbetts’s arguments that intermediate challenges to lethal injection are viable and cognizable in habeas. To the extent that the majority does respond to these arguments, its reasoning runs counter to Pan-etti and Martinez-Villareal. I respectfully dissent.

. Tibbetts's Proposed Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 raises four grounds for relief. First, the State of Ohio cannot constitutionally execute Tibbetts because Ohio law allows for execution only by lethal injection, and executing Tibbetts by lethal injection would violate the Eighth Amendment. R. 57-1 (Proposed Amended Habeas Pet. at 37) (Page ID # 889). Second, executing Tibbetts by lethal injection would violate the Due Process Clause or the Privileges or Immunities Clause of the Fourteenth Amendment. Id. at 58 (Page ID #910). Third, executing Tibbetts by lethal injection would violate the Equal Protection Clause of the Fourteenth Amendment, Id. at 66 (Page ID #918). Fourth, Ohio’s violations of federal law are a fundamental defect in its execution process, and federal law preempts Ohio’s execution laws. Id. at 79 (Page ID #931).

. Tibbetts concedes that if this court determines that his petition is second or successive, he does not meet § 2244(b)’s requirements for filing a second or successive petition. See Mot. to Remand at 2 n.l.