RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0263p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

IN RE: RONALD JONES,

*Movant.*                    No. 22-5689

─────────────────

Transferred as a Second or Successive Motion to Vacate Sentence under 28 U.S.C. § 2255.

United States District Court for the Western District of Tennessee at Memphis;
Nos. 2:04-cr-20498-1; 2:22-cv-02439—Samuel H. Mays, Jr., District Judge.

Decided and Filed: December 8, 2022

Before: SUTTON, Chief Judge; CLAY and BUSH, Circuit Judges.

─────────────────

## COUNSEL

**ON RESPONSE:** Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for the Federal Government. **ON PLEADINGS:** Ronald Jones, San Pedro, California, pro se.

─────────────────

## OPINION

─────────────────

SUTTON, Chief Judge. Ronald Jones asks us to authorize the district court to consider his second or successive motion to vacate his sentence under 28 U.S.C. § 2255. Jones's motion is neither second nor successive, so we deny his request as unnecessary and transfer his motion to the district court.

In 2007, a federal jury convicted Jones of possessing a methamphetamine mixture with intent to distribute it. Jones had twice served time, in California and Nevada, for similar narcotics offenses. In view of his criminal history, the district court sentenced Jones to 360 months in prison under 21 U.S.C. § 841(b)(1)(A).

In 2016, Jones filed his first § 2255 motion. *Jones v. United States*, No. 2:17-cv-02012, at *2 (W.D. Tenn. Jan. 22, 2020). The district court denied it, *id.* at *5–6, so Jones took another swing. This time, in 2021, Jones sought and received dismissal of his prior California conviction from the California courts. He then filed another § 2255 motion with the district court, arguing that dismissal of the California conviction triggered resentencing under *Johnson v. United States*, 544 U.S. 295 (2005). Believing the motion second or successive, the district court transferred it to us.

Is Jones's motion second or successive? We think not.

The Antiterrorism and Effective Death Penalty Act (AEDPA) limits our authority to hear "second or successive" § 2255 motions. 28 U.S.C. § 2255(h); *see In re Embry*, 831 F.3d 377, 378 (6th Cir. 2016). One might think that "second or successive" means what it says—that federal prisoners get "one shot" to attack a judgment that confines them. *Potter v. United States*, 887 F.3d 785, 787 (6th Cir. 2018). But the Supreme Court has instructed us otherwise. "The phrase 'second or successive,'" the Court has held, is a "term of art" that draws meaning from the history of federal habeas corpus and the objectives of AEDPA. *Banister v. Davis*, 140 S. Ct. 1698, 1705–06 (2020). As a result, some second-try § 2255 motions are not "second or successive" within the meaning of § 2255(h). *Id.*

This case involves one particular kind of § 2255 second chance. We have held that, when "the events giving rise" to a § 2255 claim "ha[ve] not yet occurred" at the time of a prisoner's first § 2255 motion, a later motion predicated on those events is not "second or successive." *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010). A motion based on changes to a prisoner's eligibility for parole, for example, is not "second or successive" if the changes occurred after the prisoner took his first shot at § 2255 relief. *Id.* Section 2255 is strict, but (in this context at least) it does not demand clairvoyance—that prisoners predict their claims before they arise.

Given this principle, Jones's motion is not second or successive. "[T]he events giving rise" to Jones's *Johnson* claim came about in 2021, when California dismissed and vacated Jones's prior California conviction. *Jones*, 652 F.3d at 605; *see Johnson*, 544 U.S. at 305. In 2016, when Jones filed his first § 2255 motion, those events "had not yet occurred." *Jones*,

652 F.3d at 605.  Because the facts undergirding Jones's *Johnson* claim did not come about until after 2016, his attempt to raise the claim now does not trigger § 2255(h).

History and statutory context confirm this conclusion.  For one thing, pre-AEDPA abuse-of-the-writ principles cut in favor of hearing motions like Jones's.  *See Banister*, 140 S. Ct. at 1705–06 ("In addressing what qualifies as second or successive, this Court . . . . ha[s] asked whether a type of later-in-time filing would have 'constituted an abuse of the writ'" before AEDPA.).  American courts have long entertained repeat habeas petitions "when subsequent occurring events have changed the situation of the petitioner so as in fact to present a new case for consideration."  *Ex parte Cuddy*, 40 F. 62, 66 (C.C.S.D. Cal. 1889) (Field, J.); *accord Ex parte Moebus*, 148 F. 39, 40–41 (C.C.D.N.H. 1906) (requiring "substantial change in the circumstances").  California's vacatur looks like such an event.

For another, this background rule fits well with AEDPA's underlying concerns.  AEDPA seeks to "conserve judicial resources" and "'reduc[e] piecemeal litigation.'"  *Panetti v. Quarterman*, 551 U.S. 930, 946 (2007).  But applying § 2255(h)'s gatekeeping requirements to claims like Jones's could well *deplete* judicial resources and *increase* piecemeal litigation if, say, prisoners responded by packing their first § 2255 petitions with speculative or unripe claims.  *See Jones*, 652 F.3d at 605.  At any rate, § 2255 does not pursue its purposes at all costs.  Eliminating § 2255 entirely would conserve judicial resources, but Congress has not made that choice.

One final point.  We are not the first circuit to think this way.  The Fourth, Seventh, Tenth, and Eleventh Circuits all agree that *Johnson* petitions are not "successive" under § 2255(h).  *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014); *United States v. Obeid*, 707 F.3d 898, 903 (7th Cir. 2013); *In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013); *Stewart v. United States*, 646 F.3d 856, 865 (11th Cir. 2011).  Prior summary orders from this court point in the same direction.  *In re Price*, No. 15-6144, 2016 U.S. App. LEXIS 11773, at *2–4 (6th Cir. June 2, 2016); *In re O'Neal*, No. 17-5316, 2017 U.S. App. LEXIS 19924, at *2–3 (6th Cir. Oct. 11, 2017).

Jones's *Johnson* motion may well fail on its merits or on other procedural grounds. It is not, however, second or successive within the meaning of § 2255. We deny Jones's request for leave as unnecessary and transfer his motion to the district court.