FILED
United States Court of Appeals
Tenth Circuit

May 27, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

RICHARD HARJO,

    Petitioner - Appellant,

v.

RANDY HARDING, Warden,

    Respondent - Appellee.

No. 25-5023
(D.C. No. 4:24-CV-00282-JDR-CDL)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.
_____

Richard Harjo, an Oklahoma prisoner proceeding pro se, moves for a

certificate of appealability (COA) to appeal the district court's dismissal of his

28 U.S.C. § 2254 habeas petition for lack of jurisdiction as an unauthorized second or

successive petition. Harjo also requests authorization to file a second or successive

§ 2254 habeas petition.[1] We deny a COA, but we grant authorization.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se filings. *See Licon v. Ledezma*, 638 F.3d 1303, 1305-06 (10th Cir. 2011).

I.  Background

An Oklahoma jury found Richard Harjo guilty of murder and robbery with a dangerous weapon.  He was sixteen years old at the time of the crimes.  Consistent with the jury's recommendation, the trial court sentenced Harjo to life in prison without parole (LWOP).

On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the judgment and LWOP sentence for the murder conviction.  Harjo's judgment and sentence became final in February 1999.  Harjo petitioned for a writ of habeas corpus in November 1999.  The district court denied relief.

In June 2013, Harjo applied for state post-conviction relief, challenging his LWOP sentence as unconstitutional based on the Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460 (2012).  In *Miller*, the Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." *Id.* at 479.  The court denied Harjo's application for state post-conviction relief, and he did not appeal.

In May 2018, Harjo again applied for state post-conviction relief, challenging his LWOP sentence as unconstitutional under *Miller* and cases holding that *Miller* applied retroactively to cases on collateral review.  In March 2023, the state district court denied the application.  Harjo appealed, and the OCCA affirmed the denial.

2

Harjo filed the underlying habeas petition in 2024. Although he identified four different claims related to *Miller* and his LWOP sentence, the district court treated them collectively as one *Miller*-based Eighth Amendment claim.[2]

The State moved to dismiss Harjo's petition for lack of jurisdiction, arguing it was an unauthorized second or successive petition. *See* 28 U.S.C. § 2244(b). The State also asserted the petition should be dismissed, not transferred, because Harjo's claim was barred by the applicable statute of limitations in § 2244(d)(1). The district court agreed with the State.

The district court explained that Harjo filed a habeas petition in 1999, and he had not sought or obtained permission from the court of appeals to file another habeas petition in 2024. Although the court recognized not all second-in-time petitions are considered second or successive, it found Harjo's 2024 petition was challenging the same state-court judgment he challenged through his 1999 petition, and there were no applicable exceptions that would alter its characterization as a second or successive petition.

The court further explained that Harjo needed to present his new claims to the court of appeals for authorization before the district court could consider them, *see* § 2244(b)(3)(A), but Harjo had not asserted that he had obtained the required

---

[2] Harjo also brought a claim based on *McGirt v. Oklahoma*, 591 U.S. 894 (2020), but he does not raise any challenge to the district court's treatment of that claim, so he has waived any argument about it. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (holding prisoner waived a claim because he failed to address it in his COA application). We will therefore not discuss it further.

authorization. The court therefore determined that Harjo's 2024 habeas petition was an unauthorized second or successive petition that it lacked jurisdiction to review.

The district court next considered whether the petition should be dismissed or transferred. In doing so, the court explained that "a prisoner must file his habeas petition within one year from 'the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review,'" R. at 86 (quoting § 2244(d)(1)(C)). The court recognized that in *Montgomery v. Louisiana*, 577 U.S. 190, 206 (2016), the Supreme Court made *Miller* retroactively applicable to cases on collateral review. But it explained that the one-year limitations period runs from the date on which the right asserted was initially recognized, not the date on which the right asserted was made retroactively applicable. After considering the timing of when *Miller* initially recognized the right and the tolling of § 2244(d)(1)'s one-year limitations period during the pendency of Harjo's applications for state post-conviction relief, the court determined that even under the most generous view, Harjo's 2024 petition was filed almost one year past the expiration of the statute of limitations.

The district court concluded Harjo's petition was an unauthorized second or successive petition and should be dismissed rather than transferred to this court. Harjo now seeks a COA to appeal the district court's decision.

4

## II. Discussion

Harjo must obtain a COA to pursue his appeal. *See* 28 U.S.C. § 2253(c)(1)(A). Because the district court's ruling rested on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### A. *Transfer Decision*

We have held that "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Harjo does not challenge the district court's determination that his petition was second or successive or that he had not obtained authorization from this court to file it. Instead, he argues the district court abused its discretion when it decided to dismiss his petition instead of transferring it to this court. *See*, *e.g.*, COA Appl. at 4, 5, 10.

When the district court determines that this court has not authorized a second or successive petition, it "may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the . . . petition for lack of jurisdiction." *Cline*, 531 F. 3d at 1252. Because the district court's transfer decision is discretionary, "the COA question is . . . whether a reasonable jurist could conclude that the District Court abused its discretion." *Buck v. Davis*, 580 U.S. 100, 122-23 (2017). Harjo has not made this showing.

5

We explained in *Cline* that the timeliness of a claim is one of the factors to consider in deciding whether a transfer is in the interest of justice. *See* 531 F.3d at 1251. We also observed that in *Coleman v. United States*, 106 F.3d 339 (10th Cir. 1997), we "expressed concern that a prisoner who failed to first obtain circuit court authorization might, as a result, have difficulty complying with the one-year statute of limitations for successive petitions unless the district court transferred the matter." *Cline,* 531 F.3d at 1252. But we further explained that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *Id.*

Harjo argues the district court abused its discretion by dismissing his successive petition instead of transferring it because *Miller* is retroactively applicable to his claim under § 2244(b)(2)(A),[3] so his "*retroactive* claim must 'relate back' to the 1999 Petition." COA Appl. at 9-10. He asserts that because his 1999 petition was "deemed timely," his retroactive claim "cannot be untimely." *Id.* at 10. But Harjo does not cite any authority to support this argument. Neither the authorization section he cites, § 2244(b)(2)(A), nor

---

[3] In order to receive authorization from the court of appeals under § 2244(b)(2)(A), a prisoner must make a prima facie showing that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* § 2244(b)(3)(A) (requiring the prisoner to "move in the appropriate court of appeals for an order authorizing the district court to consider the application"); *id.* § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.").

any other authority we are aware of, supports the proposition that when the Supreme Court announces a new rule of constitutional law and makes it retroactive to cases on collateral review, any new claim relates back to the first habeas petition for timeliness purposes.[4] If Harjo meets the authorization standard in § 2244(b)(2)(A), then this court may authorize him to file a new habeas petition with the new claim, *see* § 2244(b)(3)(C). But there is no such thing as a "retroactive claim" in this context. Authorization does not change the considerations for determining whether a claim is timely filed.

The district court determined that Harjo's *Miller*-based claim would be time-barred. So, *Coleman*'s concern that a claim should be transferred to help a prisoner comply with the statute of limitations was not a relevant concern for the district court here. In other words, because the district court concluded there was no risk that a meritorious successive claim would be lost absent a transfer, reasonable jurists would not debate whether the district court abused its discretion in dismissing, rather than transferring, Harjo's unauthorized second or successive petition. And Harjo could still request authorization after his petition was dismissed, which he has done in this COA application.

---

[4] Harjo cites *Magwood v. Patterson*, 561 U.S. 320 (2010), but it is not clear why he does so. In *Magwood*, the Supreme Court held that a § 2254 petition challenging a new sentence imposed after an earlier, successful § 2254 petition was directed at a new judgment and therefore was not second or successive. *See id.* at 323-24. *Magwood* does not apply here because there has been no new or intervening judgment—Harjo is seeking to challenge the same judgment in his 2024 petition as he did in his 1999 petition.

B. *Authorization*

Harjo asks this court for authorization to file a second or successive habeas petition to bring a challenge to his juvenile LWOP sentence based on *Miller*, citing § 2244(b)(2)(A). As noted earlier, that section permits authorization when "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2244(b)(2)(A). In *Montgomery*, 577 U.S. at 206, the Supreme Court held that *Miller* announced a new rule of constitutional law that is retroactive to cases on collateral review. Harjo's claim relies on the new rule of constitutional law announced in *Miller* that *Montgomery* made retroactive to cases on collateral review. Because Harjo has made a prima facie showing that he can satisfy the requirement in § 2244(b)(2)(A), we authorize him to file a second or successive habeas petition to bring his claim based on *Miller*.

Our authorization to file the successive petition does not speak to the timeliness of the authorized § 2254 petition. Timeliness is a merits determination that is outside the scope of our gatekeeping inquiry under § 2244(b). *See Ochoa v. Sirmons*, 485 F.3d 538, 541-42 (10th Cir. 2007) (appellate court's gatekeeping role does not include even preliminary merits assessment); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (timeliness of a habeas petition is a merits determination); *see also In re Jones*, 652 F.3d 603, 606 (6th Cir. 2010) (stating in dicta that timeliness of authorized successive claim is "question beyond the scope of our inquiry even when a claim is subject to § 2244(b)'s gatekeeping procedures"); *In re McDonald*, 514 F.3d 539, 543 (6th Cir. 2008) ("[I]nvestigating compliance with the one-year statute of limitations outlined in 28 U.S.C.

8

§ 2244(d)—clearly a separate subsection from . . . § 2244(b)—is not within the purview of the court of appeals' consideration of applications requesting authorization to file a second or successive *habeas corpus* petition pursuant to 28 U.S.C. § 2244(b).").

III.  Conclusion

For the foregoing reasons, we deny a COA.[5]  We grant Harjo's motion to proceed on appeal without prepayment of costs or fees.  We also grant Harjo authorization to file a successive habeas petition to bring his claim based on *Miller*.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[5] Harjo also argues that he is actually innocent of the LWOP sentence, *see* COA Appl. at 10-15, but that is a merits challenge to his sentence that is not relevant to our consideration of whether he has shown that reasonable jurists could debate the district court's procedural ruling.