RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0213p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

IN RE: DOUGLAS L. COLEY,

　　　　　　　　　　　　　　*Movant.*　　　　　Nos. 17-3071/3815

On Motion to Authorize the Filing of a Second or
Successive Application for Habeas Corpus Relief.
No. 1:02-cv-00457; 3:17-cv-00088—James S. Gwin, District Judge.

Decided and Filed:  September 11, 2017

Before:  MERRITT, SILER, and SUTTON, Circuit Judges.

_____

## COUNSEL

**ON MOTION:**  Joseph E. Wilhelm, FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for
Movant.  **ON RESPONSE:**  Stephen E. Maher, OFFICE OF THE OHIO ATTORNEY
GENERAL, Columbus, Ohio, for Respondent.

　　　　The court delivered a PER CURIAM order.  MERRITT, J. (pp. 4–5), delivered a separate
dissenting opinion.

_____

## ORDER

_____

　　　　In these combined appeals, Douglas Coley asks this court to remand his case to the
district court or to grant him permission to file a second or successive petition under 28 U.S.C.
§ 2254.  *See* 28 U.S.C. § 2244(b)(3)(A).  In either scenario, Coley hopes to argue that the
Supreme Court's recent decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), renders Ohio's
death-penalty scheme unconstitutional.  We **DENY** both requests.

In 1998, a jury convicted Coley of one count of attempted murder, two counts each of kidnapping and aggravated robbery, and three counts of aggravated murder (with the felony-murder aggravating circumstance attached to each count). He was sentenced to prison and death. After unsuccessfully pursuing several avenues of state-court relief, he filed a federal habeas corpus petition on January 2, 2003. The district court denied the petition in 2010, and we affirmed. *Coley v. Bagley*, 706 F.3d 741, 746 (6th Cir. 2013).

In 2017, Coley filed a new federal habeas petition. The district court transferred it here for permission to be filed.

Coley cannot satisfy the dictates of § 2244(b). In the petition before us, Coley argues that Ohio's capital-sentencing scheme, which permits the jury to return a general verdict, is unconstitutional in light of *Hurst v. Florida*. He believes that *Hurst* announced a new rule requiring juries to make specific findings about mitigating evidence during capital sentencing. But even if we assume that *Hurst* announced "a new rule of constitutional law," the Supreme Court has not "made [*Hurst*] retroactive to cases on collateral review." *See Tyler v. Cain*, 533 U.S. 656, 662–63 (2001). Whether or not *Hurst* says what Coley thinks it says, we cannot authorize his petition. *See* 28 U.S.C. § 2244(b)(3)(C).

Coley's only way around this problem is to argue that his petition falls outside of § 2244's ambit because it is not "second or successive," even though it is second in time. According to Coley, his new petition is "based on *Hurst*, which was not decided" when he filed his first petition. Therefore, he maintains, the new petition is not abusive, not successive, and not subject to § 2244(b).

It's true that not all second-in-time petitions are "second or successive." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). But this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (noting that "in [such] situations, the habeas petitioner does not receive an adjudication of his claim"). The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the

merits.  *See Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000).  *Slack* indicated that it would still be an "abuse of the writ" if a petitioner chose to proceed in federal court with his exhausted claims rather than return to state court with the unexhausted ones, but then later chose to file another federal petition raising the newly exhausted claims.  *Id.* at 486–87.

What the exception *cannot* mean is what Coley claims it means:  that a petition is not second or successive whenever it relies on a rule that did not exist when the petitioner filed his first petition.  *See In re Tibbetts*, 2017 WL 3204732, at *2 (6th Cir. July 24, 2017).  That is precisely the scenario that § 2244(b)(2)(A) addresses, where a petitioner brings a claim relying on a new rule of constitutional law.  Under Coley's proposed approach, the second-or-successive exception "would considerably undermine—if not render superfluous—" the second-or-successive rule.  *Magwood v. Patterson*, 561 U.S. 320, 335 (2010).

Our dissenting colleague, with respect, would similarly write § 2244(b)(2)(A) out of the statute.  He suggests that Coley, by pointing to *Hurst*'s new rule, relies on a "factual predicate [that] could not have been discovered previously."  28 U.S.C. § 2244(b)(2)(B)(i).  It cannot be that every new legal rule, including those not made retroactive on collateral review, also constitutes a new factual predicate.  But even if we could use (b)(2)(B) to render (b)(2)(A) a nullity, Coley has not shown that the facts underlying his claim "would be sufficient to establish by clear and convincing evidence" that no reasonable juror would have found him guilty.  *Id.* § 2244(b)(2)(B)(ii).

Coley separately argues that applying § 2244(b) to his new petition would effectively suspend the writ of habeas corpus.  *See* U.S. Const. art. I, § 9, cl. 2.  But the Supreme Court has recognized that enforcing "restrictions on successive petitions" does no such thing.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Accordingly, we **DENY** Coley's request to remand this case to the district court and **DENY** his application for permission to file a second or successive habeas corpus petition.

_____

**DISSENT**

_____

MERRITT, Circuit Judge, dissenting. In this death penalty case, the petitioner, Coley, should have the opportunity to try to show that his execution is inconsistent with constitutionally required allocation of jurisdiction between judge and jury. Coley seeks to present a second habeas application. His theory is that the recent case of *Hurst v. Florida*, 136 S. Ct. 616 (2016), forbids a state from imposing the death penalty when a judge herself makes the final decision to impose the death penalty after receiving merely a "recommendation" from the jury. In making the decision to allow or disallow the case to go forward in the district court, my colleagues and I agree that we must follow the statutory instructions set out in 28 U.S.C. § 2244, but we do not agree on their application to this case. The statute is not entirely clear but reads in the relevant part, as follows:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> **(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

Under the record before us, it seems clear that section (b)(2)(A) requiring that the Supreme Court has made the habeas claim in question valid "retroactively" is not met, but there is a "prima facie showing" under section (b)(3)(C) that the "factual predicate for the claim could not have been discovered previously through the exercise of due diligence." This is because the Supreme Court in *Hurst* had to overrule prior cases to reach its conclusion that juries, not judges, must make the final decision. This made the fact that a judge rather than a jury decided the sentence irrelevant and not an issue that due diligence could affect.

It seems to me that Coley has complied with section (b) and I would, therefore, grant his request to authorize "the district court to consider the application" under section (b)(3)(A). That may give him a chance to avoid the death penalty.