RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0203p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

IN RE: BYRON LEWIS BLACK,

                            *Movant.*          No. 25-5677

─────────────

On Motion for Leave to File a Second or Successive Habeas Corpus Petition.
United States District Court for the Middle District of Tennessee at Nashville.
No. 3:00-cv-00764—Eli J. Richardson, District Judge.

Decided and Filed:  August 1, 2025

Before:  BOGGS, GRIFFIN, and DAVIS, Circuit Judges.

─────────────

## COUNSEL

**ON MOTION FOR AUTHORIZATION TO FILE A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION:** Byron Lewis Black, Nashville, Tennessee, pro se.  **ON CORRECTED MOTION FOR AUTHORIZATION TO FILE A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION, ON MOTION TO REMAND, ON MOTION FOR STAY OF EXECUTION, and REPLY:**  Kelley J. Henry, Amy D. Harwell, Marshall A. Jensen, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Movant.  **ON RESPONSE:**  John H. Bledsoe, Sarah J. Stone, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Respondent.

─────────────

## ORDER

─────────────

The district court transferred to this court the numerically second 28 U.S.C. § 2254 habeas corpus petition filed by Byron Lewis Black, a prisoner on Tennessee's death row, for treatment as a motion for authorization to file a "second or successive" § 2254 petition under 28 U.S.C. § 2244(b).  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).  Black has filed a motion to remand, arguing that his petition was improperly transferred.

In 1989, Black was convicted for the murders of his girlfriend and her two daughters and sentenced to death for one murder and life imprisonment for the other two murders. The Tennessee Supreme Court affirmed Black's convictions and sentences. *State v. Black*, 815 S.W.2d 166 (Tenn. 1991). His state-postconviction action was unsuccessful, *see Black v. State*, No. 01C01-9709-CR-00422, 1999 WL 195299 (Tenn. Crim. App. Apr. 8, 1999), as was his motion to reopen that proceeding, *Black v. State*, No. M2004-01345-CCA-R3-PD, 2005 WL 2662577 (Tenn. Crim. App. Oct. 19, 2005).

Black filed his first § 2254 habeas petition in 2000, arguing that he was intellectually disabled and that the Eighth Amendment barred application of the death penalty to him, a claim that he has continued to pursue up to the present day. *See Black v. Carpenter*, 866 F.3d 734, 737 (6th Cir. 2017). After the district court denied relief, we remanded for the limited purpose of considering Black's "mental retardation" claim in light of *Atkins v. Virginia*, 536 U.S. 304 (2002). The district court on remand concluded that Black could not establish an intellectual disability by a preponderance of the evidence under *Atkins*, and we affirmed. *Black*, 866 F.3d at 750. The Supreme Court denied Black's certiorari application. *Black v. Mays*, 584 U.S. 1015 (2018).

After the State moved to set an execution date in 2019, Black raised the issue of his competency to be executed under Tennessee case authority. An execution date was set and then stayed on two occasions, once based on the COVID pandemic and subsequently on changes to the Tennessee statutes governing intellectual-disability claims. Finally, in March 2025, the Tennessee Supreme Court set Black's execution date for August 5, 2025. On July 8, 2025, that court affirmed the denial of Black's latest state postconviction petition, which urged that he was incompetent to be executed under the common-law criteria for "idiocy." *See Black v. State*, No. M2000-00641-SC-DPE-CD, 2025 WL 1927568 (Tenn. July 8, 2025).

Black filed his current § 2254 petition on July 18, purportedly relating "solely to [his] competency to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986)." Marshalling the evidence he has submitted in support of his mental-retardation and intellectual-disability claims during the last quarter-century, he contends that he meets the criteria for "idiocy" at common law and is incompetent to be executed. Black maintains that the Supreme Court held in *Ford* that

"idiots" and "lunatics" are incompetent to be executed. And citing *Panetti v. Quarterman*, 551 U.S. 930 (2007), he argues that his petition does not qualify as second or successive for purposes of 28 U.S.C. § 2244(b)'s restrictions because his "idiocy" claim did not ripen until his execution date was set.

The respondent countered that Black's new petition must be transferred to this court for treatment as a motion for authorization to file a second or successive petition under 28 U.S.C. § 2244(b), arguing that he is merely rehashing his mental-retardation or intellectual-disability claim per *Atkins* rather than actually contending that he is incompetent to be executed per *Ford* and its progeny.

The district court agreed with the respondent, reasoning that although *Ford* held that the Eighth Amendment barred execution of the "insane," that decision left open the standards for applying this prohibition. Tracing the development of the standards of the prohibition in *Panetti* and *Madison v. Alabama*, 586 U.S. 265 (2019), the district court emphasized that "the critical question [in the competency-to-be-executed analysis] is whether a prisoner's mental state is so distorted by mental illness that he lacks a rational understanding of the State's rationale for [his] execution." (quoting *Madison*, 586 U.S. at 269). The district court reasoned that Black's claim is not based on *Ford* because it does not turn on whether he can rationally understand the reasons for his death sentence per *Madison*. Thus, the district court ultimately concluded that Black's petition requires authorization from this court under § 2244(b), and it transferred the case to this court for that purpose under *In re Sims*, 111 F.3d at 47.

We may authorize the filing of a second or successive habeas petition only if the applicant makes a prima facie showing that the proposed petition contains a new claim that relies on either (A) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (B) new facts that "could not have been discovered previously through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2), (b)(3)(C). But "[a] claim

presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Black has filed a motion to remand, arguing that his latest habeas petition does not qualify as "second or successive" at all, at least not for § 2244(b) purposes, and that authorization from this court is thus unnecessary. "[A] petition is not second or successive when it raises a claim that was unripe for review when the first habeas petition was filed." *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017) (order) (citing *Panetti*, 551 U.S. at 945–47). "A claim is unripe when 'the events giving rise to the claim had not yet occurred.'" *Id*. (quoting *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010)). Black argues that his claim is based on his competency to be executed and that under *Panetti* such a claim requires examination of his "current mental state," an analysis that can be undertaken only close in time to his execution date. He insists that the district court misconstrued his "idiocy" claim, arguing that, even if his brain damage was caused early in life, "its full effects were not apparent until decades later." And he contends that his "idiocy" claim has always been a question of competency.

We agree with the district court and disagree with Black. "[A]ny claim that has already been adjudicated in a previous petition must be dismissed." *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(1)). And "[a]ny claim that has not been adjudicated must also be dismissed unless 'it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.'" *Id*. (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)).

In his prior § 2254 habeas petition, Black asserted that he was incompetent to be executed under *Ford*. *See Black v. Bell*, 181 F. Supp. 2d 832, 882 (M.D. Tenn. 2001). The district court determined that the claim was not ripe for decision and dismissed it. *Id*. at 882–83. Black now seeks to revisit that claim, arguing that he satisfies the criteria for common-law idiocy and therefore is incompetent to be executed.

In *Ford*, the Supreme Court held that "the Eighth Amendment's ban on cruel and unusual punishments precludes executing a prisoner who has 'lost his sanity' after sentencing." *Madison*, 586 U.S. at 268 (quoting *Ford*, 477 U.S. at 406). Later, however, the Supreme Court

explained that when determining which prisoners cannot be executed under the Eighth Amendment, the "critical question is whether a 'prisoner's mental state is so distorted by a mental illness' that he lacks a 'rational understanding' of 'the State's rationale for [his] execution.'" *Id.* at 269 (alteration in original) (quoting *Panetti*, 551 U.S. at 958–59). In *Madison*, the Supreme Court recognized that the Eighth Amendment may bar execution for someone suffering from dementia but not for someone suffering from memory loss and emphasized that "[w]hat matters is whether a person has the 'rational understanding' *Panetti* requires—not whether he has any particular memory or any particular mental illness." *Id.* at 275.

Relying on a variety of centuries-old treatises, Black submits that common-law idiocy is characterized by "significant deficit of intellectual capacity," an "inability to manage [one's] own affairs," "the presence of 'unsound memory,'" and "brain malformation," though "not [being] devoid of reason or intellect." Similarly, the American Association on Mental Retardation and the American Psychiatric Association adopted standards for determining intellectual disability that "required both 'subaverage intellectual functioning' and 'significant limitations in adaptive skills such as communication, self-care, and self-direction that became manifest before age 18.'" *Shoop v. Hill*, 586 U.S. 45, 49 (2019) (per curiam) (quoting *Atkins*, 536 U.S. at 318). Indeed, Black refers to *Atkins* to establish criteria that satisfy his interpretation of common-law idiocy.

Contrary to his assertions, Black does not currently raise a *Ford* claim, effectively arguing only that he belongs to a class of individuals (those with "idiocy") who could not be executed under common law. As explained previously, that is not the controlling standard. *See Madison*, 586 U.S. at 275. *Panetti* explicitly clarified the "scope" of *Ford* "by focusing on whether a prisoner can 'reach a rational understanding of the reason for [his] execution.'" *Id.* at 268 (alteration in original) (quoting *Panetti*, 551 U.S. at 958). And although Black points to evidence of his progressive dementia, he does not make an argument in his habeas petition that his mental condition is such that he cannot rationally understand the reason for the State's punishment. As explained above, Black instead argues that his claim should be construed as a *Ford*-based claim because "historical analysis conclusively shows that the 'idiocy' standard that existed at common law . . . offered substantive protection to individuals outside of *Panetti*'s

ambit." That argument runs headlong into binding precedent, specifically the Supreme Court's holding in *Madison* that "the *Panetti* Court set out *the* appropriate 'standard for competency.'" 586 U.S. at 269 (emphasis added) (quoting *Panetti*, 551 U.S. at 957); *id.* at 276 ("[R]ational understanding of the State's reasons for resorting to punishment . . . is the *Panetti* standard's singular focus."); *id.* at 277 ("[T]he sole inquiry for the court remains whether the prisoner can rationally understand the reasons for his death sentence."). Black's petition does not address that "critical question."[1]

At bottom, Black's alleged *Ford* claim is, as the district court observed, "masquerading as a claim of incompetency" under *Atkins* based on the same arguments advanced in his first habeas petition. *See Black*, 866 F.3d at 737 ("In 2000, Black filed a federal habeas petition in which he raised various claims including a claim that his mental retardation precluded the imposition of the death penalty."). That is, Black alleges he is categorically ineligible for execution based on the common law understanding of "idiocy" and is therefore ineligible to receive the death penalty. For the reasons explained above, and elaborated on in the district court's opinion, *Ford*-based claims cannot be categorical; they must instead be based on an argument that the petitioner is incompetent *at the time of execution* and therefore ineligible *for execution*—not necessarily ineligible to receive the death penalty when sentenced. This court affirmed the district court's denial of Black's prior § 2254 habeas petition on a nearly identical claim. *Id.* at 750. And because the claim was raised previously, it cannot be considered newly "ripe" so as to render his latest § 2254 petition non-successive for § 2244(b) purposes. *See In re Tibbets*, 869 F.3d at 406. Instead, because Black has raised his current claim in a prior § 2254 habeas petition, it is subject to dismissal. 28 U.S.C. § 2244(b)(1). And because it is effectively an "old" claim, we need not address whether § 2244(b)(2)'s gatekeeping provision applies. *See In re Hill*, 81 F.4th 560, 569 (6th Cir. 2023) (en banc), *cert. denied*, 144 S. Ct. 2531 (2024).

---

[1]Black's petition likely omits any argument under the controlling *Panetti* standard because such an argument almost certainly could not have succeeded. Black's own expert who "was hired 'for a mental health evaluation to assess [Mr. Black's] competency to be executed,'" (Exhibit 15, Vol. VI, 778), concluded that Black demonstrated a rational understanding of the reason for his execution. *See Black v. State*, No. M2000-00641-SC-DPE-CD, 2025 WL 1927568, at *8 (Tenn. July 8, 2025) ("Mr. Black's own expert . . . found him likely competent to be executed under the *Panetti* standard."). And when interviewed regarding his understanding of his legal circumstances, Black correctly identified his execution date, understood that he would be "put to death" on that date, and stated that he was "given the death sentence for the murder of the youngest victim." (Exhibit 10, Vol. I, 110).

Black also moved for a stay of execution. "[A] stay of execution is an equitable remedy." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). We consider the following factors in deciding whether to stay an execution:

(1) whether there is a likelihood he will succeed on the merits of the appeal;

(2) whether there is a likelihood he will suffer irreparable harm absent a stay;

(3) whether the stay will cause substantial harm to others; and

(4) whether the injunction would serve the public interest.

*Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007). For the reasons explained above, and detailed in the district court's opinion, Black has not demonstrated a likelihood of success on the merits. Although he will undeniably suffer irreparable harm, the other three factors weigh in favor of denying the stay. *See Hill*, 547 U.S. at 584 (emphasizing the state's "strong interest in enforcing its criminal judgments [including death-penalty executions] without undue interference from the federal courts").

Finally, in a last-minute motion for leave to file a second or successive habeas petition, Black argues in the alternative to the above that, even if we construe his claim as second or successive, he satisfies the requirements of § 2244(b)(2)(B) on the basis that the worsening of his intellectual disability is "of a recent onset" and could not have been known at the time of earlier proceedings. We deny Black's motion.

As stated above, this court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies" one of two alternative statutory requirements. 28 U.S.C. § 2244(b)(3)(C). Black relies on the second of two alternatives in his motion, asserting that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii). A prima facie showing requires the presentation of "sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration by the district court.'" *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

Black has not made the requisite showing.  To the extent that Black submits that he is ineligible for the death penalty under the *Ford* exception, his argument fails as a matter of law for the reasons already discussed above—Black's purportedly new evidence makes no showing that he does not have a rational understanding of the State's reasons for his execution.  Insofar as Black is pressing to relitigate his *Atkins* claim, we hold that his purportedly new evidence does not "warrant a fuller exploration by the district court," *ibid.*, because his "idiocy" claim is based on the same operative facts offered in his first habeas petition in support of his intellectual disability claim.  *See Black*, 866 F.3d at 750 (rejecting Black's *Atkins* claim and holding that "Black cannot show that he has significantly subaverage general intellectual functioning that manifested before Black turned eighteen").

For these reasons, we **DENY** Black's motion to remand, we **DENY** authorization to file a second or successive § 2254 petition, and we **DENY** Black's motion for a stay of execution.

ENTERED BY ORDER OF THE COURT

_____

Kelly L. Stephens, Clerk