2016–0423.  State v. Wogenstahl.
Hamilton App. No. C–140683, 2015-Ohio-5346.
Fischer and DeWine, JJ., not participating.

O'Neill, J., concurring.

{¶ 1} I concur in the court's decision not to exercise jurisdiction over Jeffrey A. Wogenstahl's appeal from the court of appeals' judgment affirming the trial court's refusal to grant him a new trial. I write separately to explain why.

{¶ 2} Amici Curiae National Association of Criminal Defense Lawyers and The Innocence Network claim that Wogenstahl was one of several hundred individuals nationwide against whom a Federal Bureau of Investigation expert offered scientifically invalid microscopic-hair-comparison evidence. Wogenstahl claims that the Department of Justice reviewed the expert's testimony in his trial and declared in a letter that based upon a new understanding about what this methodology can actually prove, the expert testified "beyond the bounds of science."

{¶ 3} Based on this new evidence, Wogenstahl filed a motion for leave to file a motion for a new trial and a motion for a new trial. The trial court denied his motion for leave. On appeal, the court of appeals held that the trial court had erred in not granting him leave to file his motion for a new trial but that Wogenstahl had not been prejudiced by the denial of leave, because "the record does not disclose a strong probability that the newly discovered evidence would change the outcome if a new trial were granted." 2015-Ohio-5346 at ¶ 36. Wogenstahl now appeals that ruling to this court, asserting both that the court of appeals applied a higher standard than it should have in reviewing his motion and that the new evidence satisfies even the standard applied by the court of appeals.

{¶ 4} Wogenstahl's appeal was filed in this court in March 2016, and according to Wogenstahl, less than two months later, the Harrison Police Department released to him its full investigatory file on his case. Asserting that some of the information in the file calls into question his convictions and death sentence and that the prosecution had failed to provide the information to his counsel at the time of trial, Wogenstahl asks this court to remand the matter to the trial court so that he can file a new

motion for new trial that is based on both the new evidence from the Department of Justice and the newly discovered information in the police file. Although Wogenstahl filed an appendix to his motion to remand containing documents allegedly from the police file that he asserts support his motion for a new trial, I will not comment on those documents, which are not part of the record in his present appeal.

{¶ 5} These circumstances present a dilemma. Accepting the present appeal would be premature in the sense that we are limited to an incomplete picture of the evidence Wogenstahl has recently discovered. And whatever decision we might come to would be inconsequential if Wogenstahl were eventually granted a new trial based on the evidence in the investigatory file.

{¶ 6} Presuming that this court's decision not to exercise jurisdiction over this appeal will immediately end this litigation and allow Wogenstahl to start over with a new motion in the trial court, I respectfully concur.