The court delivered a PER CURIAM order. MERRITT, J. (pp. 458-59), delivered a separate dissenting opinion.
ORDER
In these combined appeals, Douglas Coley asks this court to remand his case to the district court or to grant him permission to file a second or successive petition under 28 U.S.C. § 2254. See 28 U.S.C. *457 § 2244(b)(3)(A). In either scenario, Coley hopes to argue that the Supreme Court’s recent decision in Hurst v. Florida, — U.S.—, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), renders Ohio’s death-penalty scheme unconstitutional. We DENY both requests.
In 1998, a jury convicted Coley of one count of attempted murder, two counts each of kidnapping and aggravated robbery, and three counts of aggravated murder (with the felony-murder aggravating circumstance attached to each count). He was sentenced to prison and death. After unsuccessfully pursuing several avenues of state-court relief, he filed a federal habeas corpus petition on January 2, 2003. The district court denied the petition in 2010, and we affirmed. Coley v. Bagley, 706 F.3d 741, 746 (6th Cir. 2013).
In 2017, Coley filed a new federal habe-as petition. The district court transferred it here for permission to be filed.
Coley cannot satisfy the dictates of § 2244(b). In the petition before us, Coley argues that Ohio’s capital-sentencing scheme, which permits the jury to return a general verdict, is unconstitutional in light of Hurst v. Florida. He believes that Hurst announced a new rule requiring juries to make specific findings about mitigating evidence during capital sentencing. But even if we assume that Hurst announced “a new rule of constitutional law,” the Supreme Court has not “made [Hurst] retroactive to cases on collateral review.” See Tyler v. Cain, 533 U.S. 656, 662-63, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Whether or not Hurst says what Coley thinks it says, we cannot authorize his petition. See 28 U.S.C. § 2244(b)(3)(C).
Coley’s only way around this problem is to argue that his petition falls outside of § 2244’s ambit because it is not “second or successive,” even though it is second in time. According to Coley, his new petition is “based on Hurst, which was not decided” when he filed his first petition. Therefore, he maintains, the new petition is not abusive, not successive, and not subject to § 2244(b).
It’s true that not all second-in-time petitions are “second or successive.” Panetti v. Quarterman, 551 U.S. 930, 944, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007). But this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. See Stewart v. Martinez-Villareal, 523 U.S. 637, 645, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (noting that “in [such] situations, the habe-as petitioner does not receive an adjudication of his claim”). The second is where a federal court dismissed an earlier petition because it contained exhausted and unex-hausted claims and in doing so never passed on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Slack indicated that it would still be an “abuse of the writ” if a petitioner chose to proceed in federal court with his exhausted claims rather than return to state court with the unex-hausted ones, but then later chose to file another federal petition raising the newly exhausted claims. Id. at 486-87, 120 S.Ct. 1595.
What the exception cannot mean is what Coley claims it means: that a petition is not second or successive whenever it relies on a rule that did not exist when the petitioner filed his first petition. See In re Tibbetts, 2017 WL 3204732, at *2 (6th Cir. July 24, 2017). That is precisely the scenario that § 2244(b)(2)(A) addresses, where a petitioner brings a claim relying on a new rule of constitutional law. Under Coley’s proposed approach, the second-or-suecessive exception “would considerably *458 undermine—if not render superfluous—” the second-or-successive rule. Magwood v. Patterson, 561 U.S. 320, 335, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010).
Our dissenting colleague, with respect, would similarly write § 2244(b)(2)(A) out of the statute. He suggests that Coley, by pointing to Hurst’s new rule, relies on a “factual predicate [that] could not have been discovered previously.” 28 U.S.C. § 2244(b)(2)(B)(i). It cannot be that every new legal rule, including those not made retroactive on collateral review, also constitutes a new factual predicate. But even if we could use (b)(2)(B) to render (b)(2)(A) a nullity, Coley has not shown that the facts underlying his claim “would be sufficient to establish by clear and convincing evidence” that no reasonable juror would have found him guilty. Id. § 2244(b)(2)(B)(ii).
Coley separately argues that applying § 2244(b) to his new petition would effectively suspend the writ of habeas corpus. See U.S. Const. art. I, § 9, cl. 2. But the Supreme Court has recognized that enforcing “restrictions on successive petitions” does no such thing. Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).
Accordingly, we DENY Coley’s request to remand this case to the district court and DENY his application for permission to file a second or successive habeas corpus petition. ■