RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0197p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

IN RE: JEFFREY WOGENSTAHL,

*Movant.*

No. 18-3287

---

On Motion to Authorize the Filing of a Second
or Successive Application for Habeas Corpus.
No. 1:17-cv-00298—Thomas M. Rose, District Judge.

Decided and Filed:  September 4, 2018

Before:  COLE, Chief Judge; MOORE and GIBBONS, Circuit Judges.

---

## COUNSEL

**ON MOTIONS:** Kimberly S. Rigby, OHIO PUBLIC DEFENDER, Columbus, Ohio, Andrew P. Avellano, Columbus, Ohio, for Movant.  **ON RESPONSE:**  Brenda S. Leikala, OFFICE OF THE ATTONEY GENERAL OF OHIO, Columbus, Ohio, for Respondent.

The court delivered an order.  GIBBONS, J. (pg. 9), delivered a separate dissenting opinion.

---

## ORDER

---

Jeffrey A. Wogenstahl, an Ohio death row inmate represented by counsel, filed a second-in-time habeas corpus petition in the district court, which construed the filing as a successive petition requiring prior authorization from a court of appeals and transferred the action to this court. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  Wogenstahl has filed a corrected application for permission to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Wogenstahl has also filed a motion to transfer this action back to the district court.  Charlotte Jenkins, an Ohio warden proceeding through counsel,

has filed a response in opposition to Wogenstahl's application and motion. Wogenstahl has filed a reply. For the following reasons, Wogenstahl's motion to transfer is **DENIED**; his application for permission to file a second or successive habeas corpus petition is **GRANTED**.

## I. BACKGROUND

Wogenstahl was convicted of aggravated murder (with three capital specifications), kidnapping, and aggravated burglary, related to the death of Amber Garrett. Wogenstahl was sentenced to death. His convictions and sentence were affirmed on direct appeal. *State v. Wogenstahl*, No. C-930222, 1994 WL 686898 (Ohio Ct. App. Nov. 30, 1994), *aff'd*, 662 N.E.2d 311 (Ohio 1996).

While the direct appeal was pending, Wogenstahl, acting pro se, unsuccessfully filed an application to reopen his appeal pursuant to Ohio Rule of Appellate Procedure 26(B) in the Ohio Court of Appeals, which dismissed the application. *See State v. Wogenstahl*, 662 N.E.2d 16 (Ohio 1996) (affirming dismissal).

In September 1996, Wogenstahl filed a petition for post-conviction relief, in which he asserted the ineffective assistance of trial counsel and the suppression of evidence by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Wogenstahl also sought permission to conduct DNA testing. The trial court denied the petition. The Ohio Court of Appeals affirmed the decision. *State v. Wogenstahl*, No. C-970238, 1998 WL 306561 (Ohio Ct. App. June 12, 1998). The Ohio Supreme Court declined further review. *State v. Wogenstahl*, 700 N.E.2d 332 (Ohio 1998) (table).

In January 1998, Wogenstahl sought permission to file a motion for a new trial. The trial court denied the motion. The Ohio Court of Appeals affirmed the decision. *State v. Wogenstahl*, No. C-980175, 1999 WL 79052 (Ohio Ct. App. Feb. 19, 1999). The Ohio Supreme Court declined further review. *State v. Wogenstahl*, 710 N.E.2d 716 (Ohio 1999) (table).

In March 1998, Wogenstahl, acting pro se, unsuccessfully asserted the ineffective assistance of appellate counsel in a delayed application for reopening. *State v. Wogenstahl*, 700 N.E.2d 1254 (Ohio 1998).

In October 1999, Wogenstahl filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Case No. 1:99-cv-00843). In June 2003, Wogenstahl filed an amended petition, and the habeas proceedings were held in abeyance while Wogenstahl exhausted state court remedies. In September 2003, Wogenstahl filed another new trial motion in state court. The trial court denied the motion. The Ohio Court of Appeals affirmed the decision. *State v. Wogenstahl*, 970 N.E.2d 447, 455 (Ohio Ct. App. 2004). The Ohio Supreme Court declined further review. *State v. Wogenstahl*, 824 N.E.2d 93 (Ohio 2005) (table). Wogenstahl then returned to the district court. Following an evidentiary hearing, the district court denied habeas relief. This court affirmed the decision. *Wogenstahl v. Mitchell*, 668 F.3d 307 (6th Cir. 2012).

In January 2014, Wogenstahl again sought permission to file a new trial motion from the state court and also filed a new trial motion, offering in support an August 20, 2013, letter from the Department of Justice ("DOJ") stating that testimony given by a prosecution witness, an examiner for the Federal Bureau of Investigation ("FBI") Laboratory, included three "inappropriate" statements that had "'exceed[ed] the limits of the science' of microscopic-hair-comparison analysis." *State v. Wogenstahl*, No. C-140683, 2015 WL 9392744, at \*5 (Ohio Ct. App. Dec. 23, 2015). The trial court denied relief. The Ohio Court of Appeals found that Wogenstahl should have had the opportunity to file his new trial motion but nevertheless was not entitled to a new trial "[b]ecause the record does not disclose a strong probability that the newly discovered evidence would change the outcome if a new trial were granted . . . ." *Id*. at \*9. The Ohio Supreme Court declined further review. *State v. Wogenstahl*, 71 N.E.3d 301 (Ohio 2017) (table).

In October 2015, Wogenstahl successfully reopened his direct appeal for the consideration of whether the trial court had jurisdiction to adjudicate his aggravated murder charge. The Ohio Supreme Court held that the trial court did indeed have jurisdiction. *State v. Wogenstahl*, 84 N.E.3d 1008 (Ohio 2017), *cert. denied*, 138 S. Ct. 2576 (2018).

On May 3, 2017, Wogenstahl filed a motion to proceed in forma pauperis, accompanied by various attachments including a second-in-time petition in district court (Case No. 1:17-cv-00298). On May 4, 2017, the magistrate judge construed the motion as a successive petition and issued an order transferring the action to this court, but the order was stayed until the time to

appeal to the district court had elapsed.  On May 8, 2017, Wogenstahl filed his second-in-time petition, asserting four grounds for relief:  (1) the prosecution suppressed material, exculpatory evidence; (2) the prosecution knowingly adduced false testimony without correcting it or informing trial counsel; (3) trial counsel was ineffective; and (4) cumulative error denied Wogenstahl due process.  On May 16, 2017, Wogenstahl filed objections to the transfer order.  On July 19, 2017, the magistrate judge issued a supplemental report recommending that the court affirm the transfer order.  On August 2, 2017, Wogenstahl filed objections to the supplemental report and recommendation.  On August 7, 2017, the warden filed a response to the objections.  On August 8, 2017, the magistrate judge issued a second supplemental report recommending that the petition be construed as successive and transferred to this court.  On September 1, 2017, Wogenstahl filed objections to the second supplemental report and recommendation.  On March 27, 2018, the district court overruled Wogenstahl's objections and adopted the magistrate judge's transfer order.

On April 16, 2018, Wogenstahl filed a corrected application for permission to file a second or successive habeas corpus petition in this court.  Wogenstahl also filed a motion to transfer the case to the district court.  On April 19, 2018, the warden filed a response in opposition to both the application and the motion to transfer.  Wogenstahl filed a reply.

## II.  MOTION TO TRANSFER

In his motion to transfer, Wogenstahl argues that he does not need to apply for permission to file a second or successive petition because his petition, although second-in-time, is not second or successive.[1]  This court has recognized that "not all second-in-time petitions are 'second or successive.'"  *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)).  "[A] numerically second petition is not properly termed 'second or successive' to the extent it asserts claims whose predicates arose after the filing of the original petition."  *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010).  To determine whether a petition is second or successive, the abuse of the writ standard is applied.  *In re*

---

[1]This case does not raise any issues concerning the propriety of retroactively applying the gate-keeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to any pre-AEDPA conduct, as Wogenstahl's initial petition was filed after AEDPA's effective date of April 24, 1996.  *See In re Sonshine*, 132 F.3d 1133, 1135 (6th Cir. 1997).

*Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (collecting cases). "Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id*. (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). Additionally, "the phrase 'second or successive' 'must be interpreted with respect to the judgment challenged.'" *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017) (quoting *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010)), *cert. denied*, 138 S. Ct. 661 (2018). A petition is not "second or successive" if it is the initial challenge to a specific state court judgment, *id*. (citing *In re Stansell*, 828 F.3d 412, 415 (6th Cir. 2016)), or asserts a ground for relief that was not ripe at the time the initial petition was filed. *Id*. (citing *Panetti*, 551 U.S. at 945-47). In other words, if "the events giving rise to the claim had not yet occurred" when the petitioner filed his original habeas petition, his subsequent petition raising this claim need not meet § 2244(b)'s requirements. *In re Jones*, 652 F.3d at 605; *see also In re Tibbetts*, 869 F.3d at 405.

This court has also held that if the claims raised by the petitioner fall within the scenario addressed by 28 U.S.C. § 2244(b)(2)(A)—the Supreme Court has made a new rule of constitutional law, not previously available, retroactive to cases on collateral appeal—then the petition is deemed second or successive and the claims must pass through the gatekeeping strictures of that provision. *In re Coley*, 871 F.3d at 457. To hold otherwise "'would considerably undermine—if not render superfluous—'[]the second-or-successive rule." *Id.* at 457–58 (quoting *Magwood*, 561 U.S. at 335). This reasoning supports the parallel conclusion that if the claims raised by the petitioner fall within the scenario addressed by § 2244(b)(2)(B), then the petition is second or successive and the claims must satisfy that section. *See Magwood*, 561 U.S. at 335–36 (rejecting a proposed interpretation of "second or successive" that would mean that if a petitioner had a claim based on new facts that he was unable to fully and fairly raise previously then he would not have to meet the gatekeeping procedures of § 2244(b)(2)(B), because this would "truncate § 2244(b)(2)'s requirements").

In the instant case, Wogenstahl's claims do not fall within any of the situations that have been recognized under the abuse-of-the-writ doctrine as making a petition second-in-time but not second or successive. He is attacking the same state court judgment of conviction, *see King v.*

*Morgan*, 807 F.3d 154, 155–57 (6th Cir. 2015); he did not previously raise these claims before a federal court which then did not adjudicate them on the merits, *see In re Coley*, 871 F.3d at 457; and his claims were not unripe at the time he filed his initial petition because the purported *Brady* violations and defense counsel's alleged ineffectiveness—the predicates underlying Wogenstahl's current claims—had already occurred when he filed his petition, although Wogenstahl was unaware of these facts, *see In re Jones*, 652 F.3d at 604–05. Instead, Wogenstahl's claims fall within the scenario contemplated by § 2244(b)(2)(B). He filed a previous habeas petition and is now raising claims he did not raise in his first petition.[2] 28 U.S.C. § 2244(b)(2). Furthermore, he relies on facts that he only recently discovered. *Id.* at § 2244(b)(2)(B)(i). Thus, Wogenstahl's petition is both second-in-time and second or successive, and he must therefore pass through the gatekeeping mechanism of § 2244(b)(2)(B). *In re Coley*, 871 F.3d at 457.

### III.  APPLICATION TO FILE A SECOND/SUCCESSIVE § 2254 PETITION

An application for permission from this court to file a second or successive habeas corpus petition must not involve a claim that has been raised in a prior petition. 28 U.S.C. § 2244(b)(1). A new claim will nevertheless be dismissed unless:

> (A)     the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)
>
> > (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[2]Although Wogenstahl did raise *Brady* claims in his first petition, *see Wogenstahl*, 668 F.3d at 322–26, the *Brady* claims he currently raises are different claims. *Cf. Cullen v. Pinholster*, 563 U.S. 170, 186 n.10 (2011) (suggesting it would consider a second *Brady* claim "new" if the hypothetical prisoner previously raised a *Brady* claim and then, after learning that the state had withheld different exculpatory material, raised a second *Brady* claim based on this new discovery).

28 U.S.C. § 2244(b)(2). The applicant must make a prima facie showing that the application satisfies the statutory requirements. 28 U.S.C. § 2244(b)(3)(C); *In re Jones*, 652 F.3d at 605. "'Prima facie' in this context means simply sufficient allegations of fact together with some documentation that would warrant a fuller exploration in the district court." *In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (internal quotation marks omitted). This court has previously described this standard as "not a difficult standard to meet" and "lenient." *Id.* at 432–33.

Wogenstahl argues that his new evidence satisfies the requirements of § 2244(b)(2)(B).[3] He presents two categories of new evidence: the DOJ letter regarding the hair analysis and the investigative material from the original police file. "To show due diligence, [the petitioner] need not have practiced the 'maximum feasible diligence.'" *In re Vinson*, No. 14-2521, 2015 U.S. App. LEXIS 23331, at *6–7 (6th Cir. Sep. 24, 2015) (quoting *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2000)). Instead, the petitioner must make "a prima facie showing that he has done as much as could 'reasonably' be expected from someone in his circumstances.'" *Id.* at *7–8 (quoting *DiCenzi*, 452 F.3d at 470). Wogenstahl has established that information contained in the 2013 DOJ letter could not have been discovered earlier through the exercise of due diligence because the DOJ had not yet reviewed, and then repudiated, the expert testimony offered in his case. Wogenstahl has also made the requisite prima facie showing with respect to the evidence from the police file.[4] He moved for or requested discovery from the prosecution seven times during trial proceedings, Dkt. #8 (§ 2254 Pet. App'x Vol. 1 Ex. 2–6, 8–9), once during his direct appeal, R. 23 (Ex. 7) (Page ID #1375–81), twice during his first federal habeas petition, *Wogenstahl v. Mitchell*, No. 1:99-cv-00843, R. 35 (Mot. for Leave to Conduct Discovery) (Page ID #1458–88); *Wogenstahl v. Mitchell*, No. 1:99-cv-00843, R. 65 (Renewed Mot. for Discovery)

---

[3]To the extent Wogenstahl argues that his claims are based on a new rule of constitutional law under § 2244(b)(2)(A), his reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 429 (2013), is misplaced. Neither *Martinez* nor *Trevino* constitutes a new rule of constitutional law. *Moreland v. Robinson*, 813 F.3d 315, 326 (6th Cir. 2016). *Martinez* also does not apply to Ohio cases. *Moore v. Mitchell*, 708 F.3d 760, 785 (6th Cir. 2013). Further, this court has intimated that *Trevino* may not apply to Ohio cases, either, *Moore v. Mitchell*, 848 F.3d 774, 777 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 650 (2018), but we need not decide that issue here.

[4]Wogenstahl's ineffective-assistance-of-trial-counsel claim suggests that the information gleaned from the investigative notes could have been uncovered with due diligence before the initial petition was filed. *Moreland*, 813 F.3d at 326. Logically, on the merits, Wogenstahl cannot win on both his ineffective-assistance-of-trial-counsel claim and his *Brady* claim, as he has framed them as logical opposites. But, at this stage, the two exist as alternate claims for relief.

(Page ID #2007–22), and finally again after that petition was denied, R. 23 (Ex. 4) (Page ID #1339). That Wogenstahl did not obtain the evidence he now presents until that final request is hardly attributable to a lack of reasonable due diligence on his part. The prosecution has a constitutional obligation under *Brady* to provide material exculpatory and impeachment evidence, *see, e.g.*, Montgomery v. Bobby, 654 F.3d 668, 678 (6th Cir. 2011) (en banc), and the defendant is not required to request continuously *Brady* information in order to show due diligence.

Wogenstahl's asserted "constitutional error" is the *Brady* violation. Three factors must be satisfied to establish a *Brady* violation: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Wogenstahl has made a prima facie showing of all three factors. First, the evidence at issue is impeaching. Second, the State suppressed the material in the original police file and made inaccurate statements misrepresenting the hair analysis. Finally, considering the voluminous evidence casting considerable doubt on the credibility of Amber Garrett's mother and brother and suggesting that they were implicated in her death, as well as the newly discovered scientific inaccuracies in the testimony regarding the hair analysis, Wogenstahl has made a prima facie showing that he can establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. In other words, he has shown that his claims "warrant a fuller exploration in the district court." *In re Lott*, 366 F.3d at 433.

## IV. CONCLUSION

For the foregoing reasons, Wogenstahl's motion to transfer is **DENIED**; Wogenstahl's application for permission to file a second or successive habeas corpus petition is **GRANTED**.

---

**DISSENT**

---

JULIA SMITH GIBBONS, Circuit Judge, dissenting. I would deny the motion for permission to file a second or successive habeas petition because Wogenstahl has not in my view made the requisite prima facie showing. And I disagree with the majority's assessment of the evidence. Given that the new petition will now be heard in the district court, and likely return to this court in the future, I merely note my disagreement without fuller discussion.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk