NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0590n.06

No. 19-6349

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Dec 04, 2019
DEBORAH S. HUNT, Clerk

In re: LEE HALL,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　ORDER
　　　　　　Movant.　　　　　　　　　　　)


BEFORE: KETHLEDGE, THAPAR, and MURPHY, Circuit Judges.

PER CURIAM. Some 28 years ago, Lee Hall set his ex-girlfriend Traci Crozier on fire by throwing what Crozier called a "gas bomb" (a jug full of gasoline that Hall lit with a paper-towel fuse) into the car in which she was lying. *See State v. Hall*, 958 S.W.2d 679, 683–85 (Tenn. 1997). Crozier "received third degree burns to more than ninety percent of her body and died several hours later in the hospital." *Id.* at 683. She "had been so badly burned that her hair was melted and skin was hanging from her arms"; her treating doctor, a burn specialist, "had never seen a worse or more uniform pattern of burning on an individual." *Id.* at 684. Crozier suffered "constant pain" during her final hours. *Id.* at 683–84. She, for example, "was alive, conscious, coherent, and alert as her tongue swelled to the extent that it protruded from her mouth and her eyelids became inverted." *Id.* at 700. "The only provocation or motive for this horrendous killing was [Hall's] anger with the victim for leaving him and refusing to return." *Id.*

A Tennessee jury found Hall guilty of first-degree premeditated murder. *Id.* at 686. It also imposed a death sentence after finding two aggravating circumstances: (1) that the murder

"involved torture or serious physical abuse beyond that necessary to produce death" and (2) that "[t]he murder was committed while the defendant was engaged in committing or was attempting to commit[] arson." *Id.* at 682 (citation omitted). The Tennessee Supreme Court upheld Hall's conviction and sentence on direct appeal, and the state courts rejected his requests for postconviction relief. *Id.* at 683; *Hall v. State*, No. E2004-01635-CCA-R3-PD, 2005 WL 2008176 (Tenn. Crim. App. Aug. 22, 2005). A district court rejected Hall's first federal habeas petition under 28 U.S.C. § 2254, but granted a certificate of appealability on two claims. *Hall v. Bell*, No. 2:06-CV-56, 2010 WL 908933, at *64 (E.D. Tenn. Mar. 12, 2010). When Hall voluntarily chose not to appeal those claims, the district court concluded that he was competent to make that decision and dismissed his petition. *Hall v. Bell*, No. 2:06-CV-56, 2011 WL 4431100, at *6 (E.D. Tenn. Sept. 22, 2011). With Hall's requests for state and federal post-conviction relief complete, the State of Tennessee has scheduled his execution for December 5, 2019.

About a month and a half before that date, Hall sought a new trial in state court based on a recently asserted juror-bias claim. Hall's attorneys learned that one of the jurors in his trial had suffered severe domestic violence in a previous marriage, but had not disclosed this abuse during voir dire. After holding an evidentiary hearing, a state trial court rejected Hall's juror-bias claim on both procedural and substantive grounds. The court initially found Hall's claim defaulted. A Tennessee statute generally bars second postconviction proceedings and none of the statutory provisions for reopening a first postconviction proceeding applied in Hall's case. *See* Tenn. Code Ann. §§ 40-30-102(c), 40-30-117. The court next rejected Hall's claim on the merits, finding that he had not established that this juror was prejudiced against him.

Hall has appealed this decision within the state courts. Yesterday, the Tennessee Supreme Court (over one dissent) denied a stay of execution that would have allowed him to complete those

state-court appeals. *See State v. Hall*, No. E1997-00344-SC-DDT-DD, at 11 (Tenn. Dec. 3, 2019). It upheld, among other things, the trial court's factual findings showing that Hall had failed to establish that this juror was prejudiced against him. *Id.* at 9.

On December 2, three days before his scheduled execution, Hall returned to federal court with this juror-bias claim. He filed a second federal habeas petition and a motion to stay his execution in the district court. But this second petition faced a procedural obstacle that Congress adopted in the Antiterrorism and Effective Death Penalty Act: state prisoners may file "a second or successive application" for habeas relief under 28 U.S.C. § 2254 only in limited circumstances, and they must obtain this court's permission before they do so. *See* 28 U.S.C. § 2244(b)(2), (b)(3)(A). The district court held that Hall's petition did, in fact, qualify as a "second or successive" application within the meaning of § 2244(b). The court thus transferred the petition to us so that we could consider whether to grant Hall authorization to file this second-in-time petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Hall argues that his second habeas petition is not a "second or successive" application under § 2244(b)(3)(A). He also asks for a stay of his execution so that he may pursue this juror-bias claim in the district court. For three reasons, we disagree with Hall, deny any request to file a second or successive application, and deny the motion to stay his execution.

*First*, the district court correctly found that Hall's habeas petition qualifies as a "second or successive" application under § 2244(b). To be sure, "not all second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (per curiam order) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)). The Supreme Court has held, for example, that a claim that was found "unripe" in a first petition—such as a premature claim that the petitioner was incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986)—would not qualify

as second or successive when a petitioner again asserted the claim in a second-in-time petition after it had ripened. *Coley*, 871 F.3d at 457 (discussing *Stewart v. Martinez–Villareal*, 523 U.S. 637, 645 (1998)). And the Court has also said that a petition does not qualify as "second or successive" if it challenges a new state-court judgment that a state court entered after the first federal habeas petition had been denied. *See In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018) (order) (discussing *Magwood v. Patterson*, 561 U.S. 320 (2010)).

Here, however, Hall's juror-bias claim does not fall within any of the rare situations that keep a second-in-time petition from being "second or successive" under § 2244(b)(2). *See id.* He attacks the same judgment that he did before. And the events giving rise to Hall's juror-bias claim occurred during his trial, so this claim could have been brought in his first federal habeas petition. True, Hall did not discover the facts underlying this claim until recently. But so long as the facts giving rise to the claim had occurred by the time of the first petition, the petition qualifies as "second or successive" even if the petitioner was unaware of those facts. *Id.* at 627–28.

*Second*, given that Hall seeks to file a second or successive application, he must make "a prima facie showing" that he can satisfy one of the two "gatekeeping provisions" for that type of relief. 28 U.S.C. § 2244(b)(3)(C); *Panetti*, 551 U.S. at 942; *cf. Tyler v. Cain*, 533 U.S. 656, 661 (2001). The first provision requires a prisoner to show that the second or successive petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). The second requires a prisoner to show two things: (1) that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," *id.* § 2244(b)(2)(B)(i); and (2) that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

4

reasonable factfinder would have found the [prisoner] guilty of the underlying offense," *id.* § 2244(b)(2)(B)(ii). More concisely, the state prisoner must satisfy both a reasonable-diligence and an actual-innocence requirement.

Hall's juror-bias claim can meet neither of these two "narrow exceptions" to the prohibition on second or successive filings. *Tyler*, 533 U.S. at 661. Hall's claim does not invoke a new rule of constitutional law made retroactive by the Supreme Court. And whether or not Hall could satisfy § 2244(b)(2)(B)(*i*)'s reasonable-diligence requirement, he cannot show that he is actually innocent of the crime under § 2244(b)(2)(B)(*ii*). He does not dispute that he murdered Crozier. But § 2244(b)(2)(B)(ii) requires more than an assertion of "constitutional error" like the juror-bias error that Hall now alleges. It also requires a showing by clear and convincing evidence that, but for that constitutional error, no reasonable fact finder could have found Hall guilty of Crozier's murder. Hall has not even attempted to make that showing. *Cf. Durr v. Cordray*, 602 F.3d 731, 737–38 (6th Cir. 2010). Even at trial, he acknowledged that he "knew the victim was lying in the front seat crying when he threw the gas bomb into the car," but claimed that he only intended to burn her car when he did so. *Hall*, 958 S.W.2d at 685–86.

*Third*, as we have recognized with respect to other last-minute stay requests, Hall's inability to "make a prima facie showing that he is entitled to file a second or successive habeas petition" also proves that he cannot obtain a stay of his execution. *In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (lead op.) (order); *see Brooks v. Bobby*, 660 F.3d 959, 962–63 (6th Cir. 2011) (per curiam); *see also In re Henry*, 757 F.3d 1151, 1163 (11th Cir. 2014); *Bible v. Schriro*, 651 F.3d 1060, 1066 (9th Cir. 2011). Because Hall cannot file a habeas claim, he is not entitled to a stay to pursue that claim as a matter of law. Even considering the equities, the Supreme Court has told lower courts that "[l]ast-minute stays" of executions "should be the extreme exception, not

the norm[.]" *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019). We see no grounds for finding that Hall's case should be that rare exception. We deny his motion to remand, his request to file a second or successive petition, and his motion to stay his execution.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk